UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Greg Phillippi, and Terri Phillippi,                          Civil No. 10-4281 (SRN/JJG)

Plaintiffs,

**MEMORANDUM OPINION**
v.                                                               **AND ORDER**

Beneficial Loan and Thrift Co.,
a Minnesota corporation; and John and
Jane Does 1-10,

Defendants.

---

Michael J. Keogh, Keogh Law Office, P.O. Box 11297, St. Paul, MN 55111, for
Plaintiffs.

Chad A. Snyder, Snyder Gislason Frasier LLC, 233 Park Ave. S., Suite 205, Minneapolis,
MN 55415, for Defendant Beneficial Loan and Thrift Co.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the court on Defendant Beneficial Loan and Thrift Co.'s

motion to dismiss (Doc. No. 5).  For the reasons stated below, this Court grants the

motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2007, Defendant Beneficial loaned Plaintiffs Greg Phillippi and

Terri Phillippi approximately $395,000, the debt to be secured by a mortgage on

Plaintiffs' residence.  The "mortgage loan transaction was . . . transferred to HSBC for

purported servicing."  (Doc. No. 10, Ex. 3, at 1.)  In 2009, Plaintiffs fell behind on their

monthly mortgage payments.  Foreclosure proceedings were initiated in February 2010,

and a sheriff's sale was conducted on March 26, 2010.  (Doc. No. 10, Ex. 4.)  As the

Sheriff's Certificate of Sale provides, Beneficial purchased the property for $186,661.04.

(Id.)  The Certificate also noted that "the time allowed by law for redemption . . . is six

(6mo) months from the date of said sale."  (Id.)  Thus the redemption period expired on

September 26, 2010.

In the interim, on October 21, 2009, Plaintiffs sent "HSBC" a document entitled

"Actual Notice to Rescind; Notice Pursuant to RESPA (QWR); & Request for

Accounting," and also sent Beneficial an essentially identical document, demanding

rescission of the transaction and seeking various documents and information to which

they alleged they were entitled under several federal statutes and regulations.  (Doc. No.

10, Ex. 3.)  Beneficial apparently responded to this letter, but not to Plaintiffs'

satisfaction.

On October 18, 2010, Plaintiffs commenced this action against Beneficial Loan

and Thrift Co., as well as ten unknown Defendants, asserting four claims.  (Doc. No. 1.)

Plaintiffs filed an Amended Complaint on April 6, 2011, dropping their claim based on

the Minnesota Deceptive Trade Practices Act ("Count 4") and, with respect to the

remaining claims, making amendments to their allegations that are essentially irrelevant

here.  (Doc. No. 10.)  In the interim, Beneficial moved to dismiss.  (Doc. No. 5.)[1]

---

[1]        Beneficial filed its motion to dismiss on March 16, 2011, noting that the
supporting materials would be timely filed in advance of the hearing, which at the time
was scheduled for May 20, 2011.  (Doc. No. 5.)  Plaintiffs then filed their Amended
Complaint on April 6, 2011.  Beneficial filed its Memorandum in support of its motion on
April 8, 2011, addressing the sufficiency of the Amended Complaint.  The Court thus
                                                                    continue...

2

## II.    DISCUSSION

Plaintiffs' Amended Complaint asserts three claims:  (1) a claim under the Truth in

Lending Act ("TILA") against all of the Defendants for failure to rescind the transaction

(Count 1); (2) a claim under TILA against all Defendants for various alleged failures with

respect to disclosures required by TILA (Count 2); and (3) a claim under the Real Estate

Settlement Procedures Act ("RESPA") against all Defendants seeking the statutory

penalty and actual damages for failing to make the appropriate corrections in response to

Plaintiffs' Qualified Written Request ("QWR") (Count 3).  (Doc. No. 10.)  Beneficial

now seeks dismissal on several grounds, contending that (1) the rescission demand is

time-barred and otherwise deficient, (2) Plaintiffs did not allege an ability to tender the

loan balance, and (3) their RESPA claim fails because they did not meet the prerequisites

and for a lack of any alleged damages.

### A.    Dismissal Standard

The Court accepts as true the factual allegations of the Complaint and draws all

reasonable inferences in Plaintiffs' favor, but does not defer to any legal conclusions or

formulaic recitations of the claims' elements.  Minneapolis Firefighter Relief Ass'n v.

MEMC Electronic Materials, Inc., 641 F.3d 1023, 1027 (8th Cir. 2011).  Under Rule

12(b)(6), the Complaint "'must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"  Id.

---

[1]...continue
deems the Amended Complaint the operative pleading subject to the present motion.
DeVary v. Countrywide Home Loans, Inc., 701 F. Supp. 2d 1096, 1100 (D. Minn. 2010).

**B.     The TILA Claims**

Plaintiffs assert two claims under TILA and its implementing regulation,

Regulation Z.  Count 1 alleges that Defendants failed to rescind the loan transaction as

requested in Plaintiffs' October 2009 notices.  (Doc. No. 10, ¶¶ 37-48.)  Count 2 alleges

that Defendants failed to provide certain disclosures allegedly required under TILA and

Regulation Z.  (Id. ¶¶ 49-50.)

> Beneficial originally argued that

> [t]he Truth in Lending Act claims (Counts 1 and 2) fail because a) the
> Phillippis' rescission rights expired  – at the very latest – in March 2010,
> months before they filed this action; b) the Phillippis never made a valid
> and timely rescission demand; and c) even if they did state a basis for
> rescission, and even if that claim w[as] not time-barred, the Phillippis would
> not be entitled to rescission because they have not alleged – and could not
> allege in good faith – an ability to tender the loan balance to Beneficial.

(Doc. No. 11, at 1.)  Beneficial further contended that Plaintiffs' "TILA claims are both

untimely and untenable:"

> Untenable because a) the rescission demand the Phillippis' [sic] made in
> October 2009 was, by their own admission, invalid; b) the Phillippis never
> made a timely rescission demand after conditions arose that might have
> made such a demand valid; and c) rescinding the transaction would require
> them to return the loans proceeds (less payments and finance charges) to
> Beneficial, and that is not something they even pretend they are able to do.

(Id. at 5.)

Plaintiffs counter that Beneficial misunderstands their arguments.  They contend

that "Defendants have erroneously argued" that Plaintiffs allege that they were not

provided a TILA disclosure statement.  (Doc. No. 14, at 3.)  Rather, Plaintiffs in fact

allege that the TILA "disclosure statement provided at closing understated the finance

4

charge beyond the applicable statutory tolerance level under TILA."  (Id.)  In other words, they allege that the "mere receipt of material disclosures is not enough, such material disclosures must be *correct*."  (Id. at 5.)

In reply, Beneficial contends that Plaintiffs' arguments "find no basis in the statutes their claims are based upon" and do "nothing to alter the fundamental flaws" in their allegations.  Beneficial asserts:

> The Truth in Lending Act claims should be dismissed because their timely rescission demand was not valid, and their subsequent (arguably valid) rescission demand was not timely.
>
> The Real Estate Settlement Procedures Act claim should be dismissed because the Phillippis have not alleged any factual basis for their conclusory allegation that Beneficial violated the act, and they have not alleged that they suffered any damages as a result of that alleged violation.

(Doc. No. 15, at 1.)  Furthermore, for purposes of this motion, Beneficial now accepts as true the Phillippis' allegations that certain charges listed in the disclosures provided to them "were not 'bona fide and reasonable,' and that the finance charge was thus misstated by more than . . . the reduced tolerance for error that triggers a rescission right after a home is in foreclosure under 15 U.S.C. § 1635(i)(2)."  (Id. at 2.)  Accordingly, the issues are now largely confined to questions of timeliness.

TILA generally provides borrowers with two basic remedies:  (1) rescission of the transaction, and (2) various damages for the lendor's failure to provide the requisite disclosures as well as any failure to honor a valid request for rescission.  15 U.S.C. §§ 1635, 1640.

### 1.     Rescission

For present purposes, borrowers such as Plaintiffs here

> shall have the right to rescind the transaction until midnight of the third
> business day following the consummation of the transaction or the delivery
> of the information and rescission forms required under this section together
> with a statement containing the material disclosures required under this
> subchapter, whichever is later, by notifying the creditor, in accordance with
> regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).[2]  The three-day period for exercising a rescission demand is

extended, however, to three years if the lendor fails to provide the obligor with the

requisite disclosures and forms.  E.g., DeVary v. Countrywide Home Loans, Inc., 701 F.

Supp.2d 1096, 1102 (D. Minn. 2010).[3]  But as a general matter, "[a]n obligor's right of

rescission shall expire three years after the date of consummation of the transaction . . .,

notwithstanding the fact that the information and forms required under this section or any

other disclosure required under this part have not been delivered to the obligor."  15

U.S.C. § 1635(f).[4]  The Supreme Court has ruled that this three-year period is a statute of

---

[2]      Likewise, the governing regulation, part of "Regulation Z," provides
that "[t]o exercise the right to rescind, the consumer shall notify the creditor of the
rescission by mail, telegram or other means of written communication."  12 C.F.R. §
226.23(a)(2).

[3]      And with respect to the period for exercising the right to rescind where the
lendor has failed to provide the requisite disclosures, Regulation Z provides that "the right
to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's
interest in the property, or upon sale of the property, which ever occurs first."  12 C.F.R.
§ 226.23(a)(3).

[4]      Section 1635(f) provides that the right to rescind expires three years "'after
consummation [of the transaction], upon transfer of all of the consumer's interest in the
property, *or upon sale of the property*, whichever occurs first.'"  Koenen v.

continue...

repose, rather than a statute of limitation.  Beach, 523 U.S. at 415-18.

Here, the loan transaction was consummated on March 19, 2007.  This action was
not filed until October 2010, however, some three years and seven months later.
Accordingly, Beneficial argues that the action is barred by Subsection 1635(f).  Plaintiffs
argue that their action is timely because their October 2009 demand for rescission was
made within the three-year period of Section 1635(f).  (Doc. No. 14, at 7.)  Plaintiffs
contend that the three-year period "limits only the Plaintiffs' right to rescind, not the
Plaintiffs' right to seek judicial enforcement of the rescission."  (Doc. No. 14, at 7.)
Thus, the first issue is what precise action must be taken to timely invoke an obligor's
"right of rescission"–the notification to the creditor under Section 1635(a) or the filing of
a legal action in a court of competent jurisdiction seeking to enforce that right.  As one
court has succinctly stated the issue, "[i]s extending a letter enough, or must a suit be filed
within the three years?"  Geraghty v. BAC Home Loans Serv. LP, 2011 WL 3920248, *3
(D. Minn. Sep. 7, 2011).

Plaintiffs argue that Beneficial's alleged failure to properly "honor," or respond to,
their October 2009 letter provides the date of accrual for their rescission claim of Count 1.

---

[4]...continue
Homecomings Financial LLC, 2011 WL 3901874, *2 (D. Minn. Sep. 6, 2011) (emphasis
in Koenen) (concluding right to rescind expired on date of sheriff's foreclosure sale).
Here, the property at issue was sold in foreclosure on March 26, 2010.  But Plaintiffs
already had sent, in October 2009, their notices of their right of rescission.  Thus, the
subsequent foreclosure sale does not appear to have terminated their right to rescind.  Id.
at *2 (concluding that right of rescission expired upon foreclosure sale where obligor did
not send notice of exercising that right until after the foreclosure sale); Hintz v. JP
Morgan Chase Bank, 2010 WL 4220486, *4 (D. Minn. Oct. 10, 2010) (same); Saygnarath
v. BNC Mortgage, Inc., 2007 WL 1141495, *2 (D. Minn. Apr. 17, 2007) (same).

(Doc. No. 14, at 8 (suggesting that *rescission* claim, as opposed to claim for damages, must be brought within one year of lendor's denial of, or failure to respond to, request for rescission).)  But a TILA claim for rescission differs from a TILA claim for damages, even those claims for an inadequate response to a notice requesting rescission.  Moreover, rescission claims under TILA are subject to a three-year statute of repose, Beach v. Ocwen Federal Bank, 523 U.S. 410, 417 (1998), and the right to rescind begins to run immediately upon consummation of the loan transaction, id. at 413.  Damages claims under TILA, in contrast, are subject to a one-year statute of limitations, and such claims generally accrue upon the lendor's failure to comply with the statutory requirements, be it disclosing certain information or responding to a demand for rescission.  15 U.S.C. § 1640(a), (e).

Granted, as Plaintiffs point out and as Beneficial acknowledges, in Beach, the borrowers had not made any pre-complaint demand for rescission within three years of the consummation of the loan.  (Doc. No. 14, at 7; Doc. No. 15, at 3.)  And in Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir. 2002), on which Beneficial also relies, the issue was not whether a borrower's notice to the lendor of its right to rescission, provided within three years of the consummation of loan, satisfied Subsection 1635(f).  Rather, the issue concerned whether a borrower's notice to the bank's servicing agent was effective as notice to the actual lendor.  Id. at 1165.

Thus, in other cases involving this fact pattern–where the obligor's notification of rescission to the lender occurs within three years of the consummation of the transaction,

but their subsequent legal action is filed more than three years after that consummation,

the courts have split on whether the action is timely.  Compare, e.g., Barnes, __ F. Supp.

2d __, 2011 WL 4950111, at *9 (concluding that Beach supports the position that "the

limitation in subsection (f) seems more appropriately interpreted to limit the time in

which a borrower may exercise his right of rescission rather than to limit the time in

which a borrower may seek court enforcement of that right"); Hartman v. Smith, 2010

WL 3735724, *8 (D. Minn. Sep. 2010) ("The Court . . . disagrees with [the bank's]

assumption that a plaintiff must file a lawsuit in order to exercise their right of

rescission."); Johnson v. Mortg. Elec. Reg. Sys., Inc., 252 Fed. Appx. 293, 294 (11th Cir.

Oct. 24, 2007) ("A borrower can trigger rescission 'solely by notifying the creditor within

set time limits of [her] intent to rescind.'"); Williams v. Homestake Mortg. Co., 968 F.2d

1137, 1139 (11th Cir. 1992) ("Congress provided the consumer with the right to rescind a

credit transaction under § 1635(a) solely by notifying the creditor within set time limits of

his intent to rescind."), with, e.g., Geraghty v. BAC Home Loans Servicing LP, 2011 WL

3920248, *5 (D. Minn. Sep. 7, 2011) ("[N]otification may be sufficient to invoke the

right of rescission, but a lawsuit to enforce the right must still be filed prior to the end of

the three-year period."); McOmie-Gray v. Bank of America Home Loans, ___F.3d ___,

2012 WL 390167, *4 (9th Cir. Feb. 8, 2012) ("[R]escission suits must be brought within

three years from the consummation of the loan, regardless whether notice of rescission is

delivered within that three-year period."); Williams v. Wells Fargo Home Mortg., Inc.,

410 Fed. Appx. 495, 499 (3rd Cir. 2011) ("Mere invocation [of the right to rescind]

without more . . . will not preserve the right beyond the three-year period."); <u>Wolf v.</u>
<u>Federal Nat'l Mortgage Ass'n</u>, ___ F. Supp. 2d ___, 2011 WL 5881764, *4 (W.D. Va.
Nov. 23, 2011) (concluding that timeliness of obligor's action is measured by date lawsuit
was filed, not date notice was provided); <u>Bradford v. HSBC Mortgage Corp.</u>, 799 F.
Supp. 2d 625, 632 (E.D. Va. 2011) (concluding "that the three-year time limit on TILA
rescission is absolute, the expiration of which extinguishes the borrower's rescission right
regardless of whether any notice of rescission was filed within three years of closing").[5]

This Court agrees with those that hold that a borrower seeking to rescind the
transaction must file a legal action, not just notify the lender, within three years of the
consummation of the loan transaction.  Unquestionably, the fact that Section 1635
provides an obligor with the right to rescind and a process for doing so, does not mean
that the obligor has the unilateral right to determine that a creditor has in fact not met its
disclosure obligations.  As most courts have held, if an obligor notifies a creditor of an
alleged failure to provide the requisite disclosures, such notification is not automatic or
self-executing.  <u>In re Groat</u>, 369 B.R. 413, 419 (B.A.P. 8th Cir. 2007) (disagreeing, for
several reasons, with obligor's argument that "once he tendered his notice of rescission to
the Lender, the rescission was, in effect, automatic"); <u>American Mort. Network, Inc. v.</u>
<u>Shelton</u>, 486 F.3d 815, 821 (4th Cir. 2007) ("This Court adopts the majority view of

---

[5]       In addition, numerous additional unpublished decisions exist on both sides
of the divide.  <u>See, e.g.</u>, <u>Bradford</u>, 799 F. Supp. 2d at 631-32 & nn.14-17 (outlining three-
way split).  And in <u>DeVary v. Countrywide Home Loans, Inc.</u>, the lendor conceded that
the borrower's notice of rescission was timely under Subsection 1635(f), and the court
dismissed the failure-to-rescind claim as untimely for not meeting the one-year statute of
limitations under Subsection 1640(e).  701 F. Supp.2d 1096, 1103-05 (D. Minn. 2010).

reviewing courts that unilateral notification of cancellation does not automatically void the loan contract."); <u>Large v. Conseco Fin. Servicing Corp.</u>, 292 F.3d 49, 54 (1st Cir. 2002) ("Neither the statute nor the regulation establishes that a borrower's mere assertion of the right of rescission has the automatic effect of voiding the contract."); <u>In re Ramirez</u>, 329 B.R. 727, 735 (Bankr. D. Kan. 2005) ("[T]he statute indicates that exercising the right to rescind is a discrete event; and rescission a separate discrete event.")  "Otherwise, a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any." <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1172 (9th Cir. 2003) (emphasis in original).  Rather, if the creditor denies the obligor's allegations, or fails to respond within the prescribed twenty day period, a legal action must be brought to determine the validity of the obligor's claims.  <u>See</u> <u>In re Ramirez</u>, 329 B.R. 727, 736 (Bankr. D. Kan. 2005) ("[R]escission does not mean an annulment that is definitively accomplished by unilateral pronouncement.").  <u>See</u> <u>Yamamoto</u>, 329 F.3d at 1172 ("In a contested case, this happens when the right to rescind is determined in the borrower's favor."); <u>Large</u>, 292 F.3d at 54 ("If a lender disputes a borrower's purported right to rescind, the designated decision-maker . . . must decide whether the conditions for rescission have been met.  Until such decision is made, the [borrowers] have only advanced a claim seeking rescission.").[6]

---

[6]      Section 1635(b) provides for a default sequence of procedures, subject to judicial modification, that largely reverses the common-law procedure.  15 U.S.C. § 1635(b) ("The procedures prescribed by this subsection shall apply except when otherwise ordered by the court.").  But nothing in TILA suggests that the obligor has the unilateral right to declare the legal inadequacy of the disclosures that the creditor is

continue...

In addition, the three-year period of repose quite possibly reflects Congress' concern with the need to prevent the clouding of a bank's title during foreclosure.  Beach, 523 U.S. at 419.  Where a borrower has notified the lender within three years of the transaction, but has not yet filed an action seeking rescission, there appears to be no ready means for those interested in buying the property out of foreclosure to learn that the delinquent borrower is attempting to rescind the transaction.  The filing of a legal action to rescind, in contrast, is an accessible public record that more readily puts prospective buyers on notice of a potential cloud on the property's title.  Thus, the Supreme Court's concern regarding the clarity of title supports the conclusion that a borrower must timely file suit to rescind, not just timely send a notice of exercising the right to rescind.  E.g., Geraghty v. BAC Home Loans Serv. LP, 2011 WL 3920248, *3 (D. Minn. Sep. 7, 2011) ("[A]fter Beach, . . . notification may be sufficient to invoke the right of rescission but a lawsuit to enforce the right must still be filed prior to the end of the three-year period.").

Because the Court concludes that Plaintiffs' rescission claim is untimely, it need not address Beneficial's final argument with respect to Count 1, that is, that Plaintiffs "fail – or even refuse – to allege that they can hold up their end of that remedy," that is, they fail to "allege that they are able to tender if granted rescission."  (Doc. No. 15, at 5.) Count 1 is therefore dismissed.

---

[6]...continue
required to provide the obligor.  Rather, the courts (or, in appropriate cases, arbitrators) remain the arbiter of adequacy under Section 1635.

### 2.    Damages

Here, the Amended Complaint seeks not only rescission, but also damages.  A claim for damages under TILA is separate from any claim for rescission.  E.g., Tacheny v. M & I Marshall & Ilsley Bank, 2011 WL 1657877, *5 (D. Minn. April. 29, 2011).  Moreover, a claim for damages under Section 1640 is subject to a different limitations period.  As relevant here, an action for damages may be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

Beneficial has largely treated the two TILA claims, Counts 1 and 2, together.  The Court notes, however, that while Count 1 plainly seeks rescission, Count 2 appears to allege three violations of TILA and/or Regulation Z, without then specifying any requested relief.  In particular, Count 2 alleges that the TILA documents provided to Plaintiffs failed (a) "to provide all required disclosures prior to consummation of the transaction," (b) "to include in the finance charge certain charges . . . incident to the extension of credit," and (c) "to accurately disclose material disclosures."  (Doc. No. 10, ¶ 50.)  A similar claim was asserted in Tacheny v. M & I Marshall & Illsey Bank, 2011 WL 1657877, *4 (D. Minn. Apr. 29, 2011) (addressing a Count 2 that specified six alleged disclosure failures, three of which parallel those alleged here).

Count 2 presumably seeks damages for such alleged violations pursuant to Section 1640(a), which, as noted above, imposes liability on "any creditor who fails to comply with any requirement imposed under [Sections 1631-51 of Title 15], including any requirement under section 1635 of this title."  Here, the alleged violations all occurred

during or before the consummation of the loan transaction.  Under Section 1640(e), a

claim for damages must be brought within one year of the violation, that is, the

consummation of the loan transaction.  But Plaintiffs did not file this action until October

2010, more than three years after the March 2007 transaction occurred.  Thus, the claims

expressly alleged in Count 2 are time-barred.  Tacheny v. M & I Marshall & Illsey Bank,

2011 WL 1657877, *5 (D. Minn. Apr. 29, 2011).[7]

> ### C.    The RESPA Claim

In Count 3, Plaintiffs also allege a violation of 12 U.S.C. § 2605(e).  Under that

provision of RESPA, a loan servicer must first respond to a "qualified written request

from the borrower . . . for information relating to the servicing of such loan" by providing

---

[7]        In Tacheny, the court, addressing a complaint very similar to that at issue
here, discerned that the plaintiffs "alleged an additional TILA violation (although it is not
listed in Count 2)" for damages.  Id.  Here, too, Plaintiffs also allege, at various points in
the Amended Complaint, that Beneficial is liable for damages for its failure to timely
rescind the transaction following Plaintiffs' notification of their right to rescind.  (E.g.,
Doc. No. 10, ¶ 43 (alleging that "failure to lawfully respond gives rise to statutory and
actual damages under 15 U.S.C. ¶ 1640").)  An unlawful failure to rescind would
constitute "an independent TILA violation," and such a claim accrues "20 days after
defendants received the rescission notices."  Tacheny, 2011 WL 1657877, *5 (D. Minn.
Apr. 29, 2011).  But Count 2, although articulating other alleged failures, does not
expressly assert a damages claim for failure to rescind.  This Court is not inclined, where
Plaintiffs are represented by counsel, to reorganize and rewrite the Complaint to discern a
claim that the Complaint does not expressly assert.  Moreover, Plaintiffs allege that
"Defendants have *ignored* the rescission notice."  (Doc. No. 10, ¶ 42 (emphasis added).)
But it appears that Beneficial did in fact respond to Plaintiffs' letter (although neither
party has provided the Court with a copy).  Insofar as Plaintiffs are alleging that the
response Beneficial did provide nevertheless failed to satisfy the statute, it appears their
claim is premised on the position–already rejected by this Court–that rescission is
automatically effected upon the sending of a notice to rescind.  (Doc. No. 10, ¶¶ 38-43.)
Thus, even if  Plaintiffs had asserted a claim for damages for failure to rescind, they still
have not stated a claim for which relief may be granted.

a written acknowledgment of the receipt of such a request.  12 U.S.C. § 2605(e)(1)(A).

The loan servicer must then take one of three specified actions.  Id. § 2605(e)(2).  But

these obligations are triggered only if the borrower submits a "qualified written request,"

that is, "a written correspondence" that (1) "includes, or otherwise enables the servicer to

identify the name and account of the borrower," and (2) "includes a statement of the

reasons for the belief of the borrower, to the extent applicable, that the account is in error

or provides sufficient detail to the servicer regarding other information sought by the

borrower."  Id. § 2605(e)(1)(B).  Accordingly, the applicability of Section 2605(e) turns

in substantial part on whether the borrower's request is directed at a loan "servicer" and

pertains to the "servicing" of the loan.  "The term 'servicing' means receiving any

scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . and

making the payments of principal and interest and such other payments with respect to the

amounts received from the borrower as may be required pursuant to the terms of the

loan."  Id. § 2605(i)(3).

        Beneficial contends that Count 3 must be dismissed because Plaintiffs (1) did not

make a qualified written request within the scope of RESPA; (2) failed to allege how

Beneficial violated RESPA; and (3) failed to allege any damages.  (Doc. No. 11, at 1.)

But the Court need not address these issues because it notes a more fundamental problem

with Count 3.

        A Section 2605(e) claim lies against only a "loan servicer."  Tacheny v. M & I

Marshall & Illsey Bank, 2011 WL 1657877, *6 (D. Minn. Apr. 29, 2011) (dismissing

Section 2605(e) claim against defendants that "are not the servicers of plaintiff's Loan"). Here, however, Plaintiffs filed suit against only Beneficial Loan and Thrift, the loan originator. Moreover, Plaintiffs asserted in their request for rescission that the "mortgage loan transaction" was promptly "transferred to HSBC for purported servicing." (Doc. No. 10, Ex. 3, at 1.) Although the Amended Complaint itself does not mention HSBC, one of Plaintiffs' October 2009 letters, was addressed to "HSBC" at 636 Grand Regency Blvd., Brandon, Florida, while also indicating that "Beneficial Loan and Thrift Company" originated the loan. (Id., Ex. 3).[8] The other letter was addressed to Beneficial. (Id.) Thus, there seems to be little doubt that Plaintiffs understood that Beneficial and "HSBC" were different entities.[9] The pleadings fail to allege that this action against Beneficial–which the Complaint identifies as the loan originator and "a Minnesota corporation"–is somehow also properly asserted against "HSBC," the loan servicer, which was not named as a defendant. Thus, because a Section 2605(e) claim against *Beneficial* is legally untenable, the Court grants Beneficial's motion to dismiss Count 3.

## III.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

---

[8]      An entity named HSBC Mortgage Services Inc. appears to conduct business at this address.  www.hsbcmortgageservices.com

[9]      Granted, Plaintiffs' Amended Complaint is directed at ten "John & Jane Does," but under the present circumstances, the Court cannot conclude, or even assume, that HSBC is one of those Defendants that "are currently *unknown* to Plaintiff[s]." (Doc. No. 10, ¶ 7 (emphasis added).) Plaintiffs' October 2009 letter to Beneficial, sent twelve months before their original Complaint was filed on October 19, 2010, indisputably reflects that they understood that "HSBC" was the loan servicer. And, of course, Plaintiffs simultaneously sent an almost identical letter to "HSBC."

**HEREBY ORDERED** that:

1.    Beneficial's motion to dismiss [Doc. No. 5] is **GRANTED**; and

2.    This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   March 2, 2012                              ___ s/ Susan Richard Nelson ___
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge